IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF OHIO
WESTERN DIVISION

David E. Reed,                                           Case No. 1:15CV620

      Petitioner,

      v.                                                            **ORDER**

Charlotte Jenkins, Warden,

      Respondent.

      This is a habeas corpus case in which the Magistrate Judge to whom it was referred has filed a Magistrate Judge's Report & Recommendation ((R&R), Doc. 12), to which petitioner has filed objections. (Doc. 14). On *de novo* review, I find that the objections are not well-taken; accordingly, I adopt the R&R as the order of this court and deny relief. Moreover, I find no basis on which to grant a certificate of appealability.

## Background

      A Wyandot County, Ohio jury convicted the petitioner of two counts of rape of a child under thirteen years of age and one count of gross sexual imposition of a child under thirteen. On direct appeal, the appellate court found no error and affirmed the conviction. The Ohio Supreme Court decline to review.

      The evidence, which, *inter alia*, the petitioner contends did not suffice to sustain his convictions, was based substantially on and related to the petitioner's sexual assaults on two boys. Though the petitioner contends the testimony of the victims was not credible, the jury disagreed.

The pending petition contains three claims:

1. The "convictions were not supported by sufficient evidence and were against the manifest weight of the evidence";

2. Ineffective assistance of trial and appellate counsel; and

3. Consecutive sentences imposed without prior findings, as required under O.R.C. § 2929.14(C)(4).

## Discussion

The Anti-Terrorism and Effective Death Penalty Act states a federal court cannot grant habeas corpus relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The respondent believes that, to some extent, petitioner's claims either are not exhausted or are defaulted. I accept the Magistrate Judge's discussion of those contentions. I also agree with the Magistrate Judge that it makes good sense in this case to proceed to adjudicate petitioner's claims on the merits.

I dispose of two side issues first.

First, petitioner fusses about the fact that the Magistrate Judge erred when she referred to Cuyahoga County, rather than Wyandot County. He suggests that she must have been dealing with a different case of a defendant with his name. He does not, however, account for the fact that the

2

claims she addressed, and that I address in this order, are the claims he presented in his petition. That straw bears no weight.

Second, petitioner further wonders how it is that an Eastern Division Magistrate Judge conducted the initial review of his petition and prepared an R&R, given the fact that venue lies in the Western Division.

To even out the Magistrate Judge's habeas (and social security) workloads, our District randomly assigns habeas petitions and social security appeals without regard to the venue of the case. There is nothing odd or untoward about the procedural path this case is taking in our court.

I turn now to the merits.

First, with regard to petitioner's claim that the verdicts were contrary to the manifest weight of the evidence, this is not a claim cognizable in a federal habeas corpus proceeding. *E.g., Nash v. Eberlin*, 258 F. App'x 761, 765 n.4 (6th Cir. 2007). Petitioner's recasting of this claim as one of evidentiary insufficiency fares not better: Viewing the record, as I must, in a light most favorable to the prosecution, a rational trier of fact could, as the jury did here, find the petitioner guilty beyond a reasonable doubt. *E.g., Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

There is, accordingly, no merit to petitioner's first claim, which did not involve an unreasonable application of prevailing, clearly established Supreme Court doctrine.

Second, with regard to the claim of constitutionally deficient representation at both the trial and appellate levels, I agree with the Magistrate Judge's assessment that counsels' representation met constitutional standards and that, in any event, even if either attorney failed to meet such standard, any failing did not affect the outcome of either proceeding. I find the Magistrate Judge's thorough, detailed examination of the basis for petitioner's allegations of ineffective assistance and resulting

conclusions and recommendation to be well taken in their entirety. That being so, it is not necessary that I repeat that examination and related analysis, which I adopt *in toto*.

Finally, petitioner's third ground is based entirely on alleged failure to comply with sentencing requirements under state law. Such claims are not cognizable in a federal habeas proceeding. *E.g., Pulley v. Harris*, 465 U.S. 37, 41 (1984) (writ cannot issue on basis of state law error).[1]

In light of the foregoing, it is

ORDERED THAT the Magistrate Judge's Report & Recommendation (Doc. 12) be, and the same hereby is, adopted as the order of this court, and the petition for a writ of habeas corpus be, and the same hereby is, denied.

Furthermore, I am persuaded that jurists of reason would not debate my conclusion that petitioner does not meet the standard for a certificate of appealability; I, therefore, decline to grant a certificate of appealability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] The Magistrate Judge, in her exhaustively thorough analysis of petitioner's claims, concluded that, in any event, the state courts had correctly applied the provision which petitioner claims they disregarded.

4